UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO LOPEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 19-cv-01954-RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT** |

### I. Introduction

Brothers Jose Alfredo Munoz Lopez ("Alfredo") and Jose Merced Munoz Lopez ("Merced") bring this lawsuit averring violations of the Fair Credit Reporting Act ("FCRA") and California Consumer Credit Reporting Agencies Act ("CCRAA"). Defendant Experian Information Solutions, Inc. ("Experian"), a credit reporting agency ("CRA"), moves for summary judgment as to each of Plaintiffs' claims for relief. There is no genuine dispute of material fact as to Plaintiffs' reasonable reinvestigation claim or Alfredo's file disclosure claim, and thus summary judgment is granted to Defendant as to those claims. In contrast, genuine disputes of material fact exist as to the reasonable procedures and permissible purpose claims, and thus Defendant's motion for summary judgment is denied as to those claims. Genuine disputes of material fact also exist as to Experian's willfulness and whether Plaintiffs suffered damages for the purposes of establishing negligence, and thus Experian's motion for summary judgment is denied as to those aspects of Plaintiffs' claims as well.

## II. Background

Jose Alfredo Munoz Lopez and Jose Merced Munoz Lopez are brothers. Apart from their similar names, they share other similar identifying information: they were born one year apart, have Social Security Numbers that only differ in the final two digits, and have at some points used the same address. On March 3, 2018, Merced applied for a credit card with Coast Central Credit Union ("Coast Central"). At that time, Merced had no credit history and had never applied for credit. In contrast, Alfredo had nine open credit accounts with different creditors. Those five creditors reported different variations on his name, such as Jose A Lopez, Jose Lopez, Jose Munoz, and Alfredo M Lopez. Experian's matching algorithm reported Alfredo's credit history to Coast Central, rather than returning a report stating no credit history for Merced existed. Merced withdrew his application and did not reapply for a credit card with Coast Central.

Following the confusion with Coast Central, Plaintiffs reached out to a credit repair agency, BR Fix Restoration Services ("BR Fix"), which was owned and operated by Brenda Rivera. Beginning in March 2018, and continuing over the next few months, Rivera submitted disputes via letter and online form to Experian on behalf of the brothers, contesting information present in their credit reports. During this time, the brothers also continued to apply for credit, and Experian disclosed credit information to creditors, sometimes concerning the wrong brother, in response to creditors' requests. For some period of time—the length of which the parties dispute—the brothers had a mixed file, which refers to a credit file that contains information pertaining to multiple people.

In April 2019, the two commenced this lawsuit against Experian, TransUnion LLC, and Equifax Information Services LLC. Defendants TransUnion and Equifax have since been dismissed from the lawsuit following settlement. In Plaintiffs' Amended Complaint, they aver violations of federal and California law. Counts Two and Three pertain to Experian. Count Two avers violations of the FCRA. Plaintiffs aver that Experian failed to maintain or follow reasonable procedures to assure maximum possible accuracy in the information it reported to third parties concerning Plaintiffs in violation of 15 U.S.C. § 1681e(b). Plaintiffs further aver that Experian

failed to provide Merced's report following his request in violation of 15 U.S.C. § 1681g, failed to investigate Alfredo's and Merced's disputes reasonably in violation of 15 U.S.C. § 1681i, and provided Alfredo's report to third parties without a permissible purpose in violation of 15 U.S.C. § 1681b and § 1681e(a). Count Three avers violations of the CCRAA. Plaintiffs aver failure to maintain or follow reasonable procedures to assure accuracy of information Experian reported to third parties, in violation of California Civil Code §1785.14(b). Plaintiffs also aver failure to provide Merced with his credit information in violation of §1785.15, failure to conduct a reasonable reinvestigation of the inaccurate information disputed by Plaintiffs in violation of §1785.16, and providing Alfredo's credit report to third parties in violation of §1785.11. Plaintiffs aver that Experian's conduct was both willful and negligent. Experian now moves for summary judgment as to each of Plaintiffs' claims.

### III. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex v. Catrett,* 477 U.S. 317, 323-24 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (internal quotation marks omitted). If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which it bears the burden of proof at trial. *Id.* at 322-23.

To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*

*Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586 (1986). The trial court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson,* 501 U.S. at 520. Pro se litigants are subject to the same rules at summary judgment as those represented by counsel. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

### IV. Discussion[1]

The CCRAA is based substantially on the FCRA, and the Ninth Circuit generally interprets the FCRA and CCRAA consistently. *See, e.g., Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003). Thus, in discussion below, solely the language and requirements of the FCRA need be addressed. Both parties refer to the FCRA when discussing both sets of law, and neither party identifies any portion of the CCRAA applicable to this motion that differs from the FCRA and federal case law interpreting the FCRA.

#### A. Reasonable Reinvestigation Claim

Plaintiffs' reasonable reinvestigation claim avers violations of Section 1681i of the FCRA section 1795.16 of the CCRAA. "Section 1681i provides that consumer reporting agencies such as Experian must 'conduct a reasonable reinvestigation' when an item in the consumer's credit file 'is disputed by the consumer and *the consumer notifies the agency directly* . . . of such dispute.'" *Warner v. Experian Info. Sols., Inc.*, 931 F.3d 917, 920-21 (9th Cir. 2019) (quoting 15 U.S.C. § 1681i(a)(1)(A)). Plaintiff avers that the reinvestigation was unreasonable because Experian failed to remove information that Plaintiffs indicated did not belong on their individual credit reports.

---

[1] Experian objects to Plaintiffs' improper Statement of Undisputed Material Facts, which was filed as a separate document from Plaintiffs' opposition. Plaintiffs later filed a motion for leave to file a separate statement of facts. As Experian was granted additional pages for its reply, Plaintiffs' motion is granted, but Plaintiffs are admonished to adhere to the Local Rules in all future filings. Experian also objects to several exhibits on various grounds. The admissibility of these documents is not addressed, as the Court does not rely on any disputed material in this order. Similarly, Plaintiffs' motion to strike affidavits attached to Defendant's reply in support of its motion for summary judgment is denied, as the Court does not rely on the materials Plaintiffs seek to strike. Finally, Plaintiffs' motion for leave to file a sur-reply is granted.

Experian makes two arguments for a grant of summary judgment on this claim as a matter of law: that Experian had no obligation to reinvestigate the disputes because they were submitted via a credit clinic, and that Plaintiffs' failure to specify their concern about a mixed file means Experian was not required to reinvestigate. Experian also argues that even if it was required to conduct a reinvestigation, the evidence in the record shows that its reinvestigation was reasonable. Considering the last argument, there is no genuine dispute of material fact of the reasonableness of Experian's reinvestigation.

In March 2018, Alfredo sent a dispute letter to Experian, requesting the removal of multiple name and address inaccuracies. Declaration of Daniel Zemel in Support of Opposition ("Zemel Decl."), Ex. 1. In his deposition, Alfredo stated that Experian "fixed everything that [he] asked for" in the March request. S*ee* Deposition of Jose Alfredo Munoz Lopez ("Alfredo Dep."), 102:22-23. Thus, no genuine dispute exists over whether Experian's reinvestigation of this dispute was reasonable. Next, on May 31, 2018, Alfredo submitted another dispute letter to Experian, this time attaching a printout of his Experian credit report, in which he indicated all information that did not belong to him. He also provided his correct name, date of birth, and SSN, and requested that all information that did not match his provided information be removed. Zemel Decl., Ex. 9. The result of the dispute, as offered by Experian, show that Experian removed all the information requested for deletion. Declaration of Kevin Song in Support of Motion, ("Song Decl."), Ex. I; *see also* Alfredo Dep. 101:7-17 ("[I]s that what you were requesting Experian to do in your letter from May 31st? A. Exactly."). Similarly, on June 4, 2018, Alfredo submitted an online dispute concerning the Capital One account that appeared on his report. Experian deleted the Capitol One information from the report.

Experian also addressed all of the disputes initiated by Merced. In March 2018, Merced submitted a dispute which stated his name, address, and SSN, and a request to delete all other names, addresses, and SSNs from his report. Exhibit 2. At the time of this dispute, Rivera had not seen a copy of Merced's report, and thus had not actually identified information on the report to dispute. Deposition of Brenda Rivera ("Rivera Dep."), at 146:3-147:3 ("Q. You had – at the time

that you typed up this letter, you had not seen – A. Yes. Q. – a copy of Merced's credit report; is that correct? A. Correct. We were not able to pull one up but we wanted to make sure that his information was accurate from the getgo."). Merced's unawareness as to the contents of his credit report at the time of this dispute means he has failed to establish "his consumer file contained prima facie inaccurate or incomplete information[,]" which is necessary to proceed on this section 1681i(a)(1) claim. *Huffman v. Experian Info. Sols., Inc.*, No. 19-CV-07408-JSW, 2021 WL 1561304, at *6 (N.D. Cal. Apr. 14, 2021). As for Merced's June 2018 dispute, Experian states it does not have record of the dispute, and Merced offers no proof that the letter was sent to Experian, meaning he has failed to establish "he notified Experian of the alleged inaccuracy[,]" another requirement to proceeding with a section 1681i(a)(1) claim. *See id.* As for the July 2018 dispute, Merced has once again failed to establish that his consumer file contained inaccurate information. Experian informed Merced that it does not add credit information reported by private parties, and also un-mixed Merced and Alfredo's file at this time.

Plaintiffs also argue that the reappearance in July 2018 of information Plaintiffs had previously disputed means that Experian did not conduct a reasonable reinvestigation. Plaintiffs, however, did not submit disputes concerning the reappearance of incorrect information. The appearance of this information, for which Plaintiffs did not submit a new dispute, concerns Experian's procedures to assure accuracy of the information, and is thus relevant to Plaintiffs' section 1681e(b) claim rather than the reasonable reinvestigation claim. In short, summary judgment is granted to Defendant on the reasonable reinvestigation claim.

**B. Reasonable Procedures Claim**

The reasonable procedures claim avers violations of section 1681e(b) of the FCRA and section 1785.15 of the CCRAA. Under section 1681e(b), a CRA preparing a report about a consumer must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 19-cv-01954-RS
6

United States District Court
Northern District of California

information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). "[A]n agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures." *Id.* Although "[t]he reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases[,]" *id.*, a plaintiff must provide an explanation and evidence as to why the procedures were unreasonable or were not followed in order to survive a defendant's summary judgment motion. *See Avetisyan v. Experian Info. Sols., Inc.*, No. CV 14-05276-AB (ASX), 2016 WL 7638189, *8 (C.D. Cal. June 3, 2016). Defendant does not argue that Plaintiffs failed to set forth evidence that Experian provided a report with inaccurate information, and thus the relevant inquiry for this motion is whether Defendant's reports were inaccurate "despite the agency's following reasonable procedures." *Guimond*, 45 F.3d at 1333.

Plaintiffs argue that Defendants' procedures were unreasonable for three reasons: (1) Experian does not employ automatically a Do Not Combine ("DNC") option despite having such capability; (2) Experian does not employ Full Identifying Information ("FIF") requirements when matching; and (3) Experian's procedures do not recognize mixed files, and do not prevent mixed files from reoccurring. Addressing DNC first, this option will not let differing information, such as two slightly different SSNs or middle names, be combined into a single profile. Experian may add DNC to a file to prevent mixing, and did so to Merced's file after recognizing his credit information had been mixed, but does not automatically apply DNC to every file, as Plaintiffs argue it should. Plaintiffs contend that there is a dispute of material fact because "Experian clearly has the capability to employ a system with stricter matching criteria but chooses not to." Opposition to Motion, pg. 12. As Experian points out, considerations for maintaining credit file accuracy do not just include ensuring files do not get mixed, but also making sure information pertaining to a single person is linked together, despite variations in personal identifying information due to changes (such as a name change following marriage) or entry error. *See* Declaration of Kimberly Cave, at ¶¶ 10-11. Thus, stricter matching criteria is not always an indicator of greater accuracy. Plaintiff provides no evidence that the failure to apply DNC's

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 19-cv-01954-RS

1   stricter matching criteria to all files leads to less accurate results.

2   Plaintiffs argue that Defendant does not employ FIF procedures, and that FIF requires a
3   full match as to name, date of birth, and SSN. Plaintiff points to a consent order in a 1991 case
4   against an Experian predecessor, which ordered that predecessor to employ FIF. *See* Declaration
5   of Daniel Zemel, Ex. 25. Experian counters that FIF does not require a full match as to name, date
6   of birth, and SSN, and that Experian employs the FIF procedures as defined in the consent order.
7   The consent order states that "'Full Identifying Information' means full last name and first name;
8   middle initial; full street address; zip code; year of birth, any generational designation; and social
9   security number." *Id.* at 3. The consent order required the Experian predecessor to modify its
10  software system "to accommodate and use, for matching and identification purposes, a
11  Consumer's Full Identifying Information[.]" *Id.* at 4. The consent order does not, however specify
12  that there must be an exact match as to each specified piece of information. Thus Plaintiffs'
13  argument concerning FIF fails, because the evidence in the record clearly establishes that Experian
14  was employing FIF procedures.

15  Plaintiffs further argue that "Experian's procedures also failed to both recognize a mixed
16  credit file and prevent it from reoccurring." Opposition to Motion, at pg. 15. This argument must
17  be analyzed separately from Plaintiffs' claims that Experian failed to reinvestigate reasonably,
18  because courts have held that even unreasonable reinvestigation procedures in violation of Section
19  1681i do not automatically place a CRA like Experian in violation of Section 1681e(b). *See, e.g.,*
20  *Saenz v. Trans Union, LLC,* 621 F. Supp. 2d 1074, 1081 (D. Or. 2007)*; Henson v. CSC Credit*
21  *Services*, 29 F.3d 280, 285–286 (7th Cir. 1994); *Cairns v. GMAC Mortg. Corp.*, 2007 WL 735564,
22  at *5–6 (D. Ariz. 2007). Given the variety of information that differed between Alfredo and
23  Merced—different dates, months, and years of birth; different middle names; different social
24  security numbers—there does exist a genuine dispute of material fact as to whether Experian's
25  procedures appropriately recognize mixed files. Notably, the files remained mixed for a period of
26  time even after Experian was alerted to problems with both brothers' files. Thus, Experian's
27  motion for summary judgment is denied as to this claim.

**C. Permissible Purpose Claim**

The permissible purpose claim avers violations of sections 1681b and 1681e(a) of the FCRA, and section 1785.11 of the CCRAA. A CRA may provide a consumer report to a person it has "reason to believe" was requesting the report for a permissible purpose. 15 U.S.C. § 1681b(a)(3). Alfredo avers that Experian disclosed his credit report to third parties without a permissible purpose. Experian argues that its provision of the report, when the third parties were actually requesting Merced's report, was a good faith mistake for which there is no liability under the FCRA.

Other courts have held that "where defendants have made a good faith mistake in [furnishing] a consumer report there is no violation of the FCRA." *Miller v. Rubin & Rothman, LLC*, No. CIV. 10-2198 MJD/JJK, 2011 WL 4359977, at *4 (D. Minn. Sept. 19, 2011), *Beckstrom v. Direct Merch.'s Credit Card Bank*, No. CIV.04-1351 ADM/RLE, 2005 WL 1869107, at *3 (D. Minn. Aug. 5, 2005) ("[T]he FCRA is not violated if the entity seeking the credit report made a good faith error in [furnishing] the report."); *Korotki v. Attorney Servs. Corp., Inc.,* 931 F.Supp. 1269, 1276 (D.Md.1996) ("[S]o long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA."). *Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 43 (E.D.N.Y. 2005) ("Although the Bank's inquiries into Plaintiff's consumer report were made in error . . . they were not made with an impermissible purpose."). Another district court has held that section 1681b(a)(3) "contemplates a situation wherein an entity accesses information about a consumer who is lying about his or her identity or creditworthiness, but the entity seeking access nevertheless has reason to believe that it had a legitimate business need for the consumer's information." *Bickley v. Equifax Info. Servs., LLC*, No. 3:10-CV-00678-H, 2013 WL 1932837, at *4 (W.D. Ky. May 8, 2013).

The facts of *Bickley* certainly differ from this case, as *Bickley* concerned an instance of identity theft, but the principles relied upon by the district court in that case may be extended in this case. In *Bickley*, a person attempting to use the plaintiff's identity contacted Dish Network and attempted to obtain services using a variation on the plaintiff's name and his correct SSN. *Id.* at

\*1. The court held that even though "Dish Network did not actually engage in a transaction with Bickley, or that Bickley was not the individual who actually initiated the transaction, does not obviate that Dish Network accessed Bickley's information with a reasonable belief that it had a legitimate business need for the information." *Id.* at \*4. Likewise here, that Alfredo was not actually the person who initiated the various transactions that prompted credit inquiries does not remove the possibility that Experian had a reasonable belief that it had a permissible purpose in furnishing his report. Whether summary judgment is warranted, however, requires looking at the context of each of the disclosures.

Thus, the question is whether Experian had a good faith belief that it was providing the reports for a permissible purpose. Alfredo avers numerous occasions that his report was provided, when Merced had been the one who made an application for credit: a March 3, 2018 application with Coast Central; an April 18, 2018 application for a Capital One credit card; another application with Coast Central February 23, 2019; an application with Kohl's/Capital One on March 2, 2019; an application with Credco on April 19, 2019; and an application with Credit One Bank on June 17, 2019. In this case, whether Experian had a good faith belief depends on the timing of the request and what Experian knew at the time.

Alfredo sent a dispute on May 31, 2018 with a printout indicating specific pieces of information that did not belong to him, including identifiers associated with Merced. Before this date, Experian could have had a reasonable belief that creditors were requesting information on Alfredo, rather than Merced. After this date, however, Experian was on notice that specific identifiers were not associated with Merced. Thus, there is not a genuine dispute of fact as to the reasonableness of Experian's belief that information was being requested for a permissible purpose. For the requests in 2019, though, there is a genuine dispute of material fact as to the reasonableness of Experian's belief that creditors were requesting Alfredo's credit report for a permissible purpose, when the request included identifying information belonging to Merced. Experian's motion for summary judgment is therefore denied as to this claim.

### D. File Disclosure Claim

Merced avers that Experian failed to provide him with his file in violation of Section 1681g of the FCRA and section 1785.15 of the CCRAA. He states that he requested a copy of his credit report three times—on July 13, 2018, August 31, 2018 and October 2, 2018—but that Experian failed to provide him with his credit report on any of those occasions. In Merced's responses to Experian's first set of requests for admission, Merced admitted that "Experian has never failed to provide Plaintiff with a copy of Plaintiff's Credit Disclosure in response to any request by Plaintiff." *See* Song Decl., Ex. Q, RFA No. 14.

The day before the hearing in this case, Plaintiffs filed a motion to amend Merced's response to Experian's request for admissions. "[A] court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "Even if both prerequisites are met, Rule 36 'is permissive, not mandatory,' in that the court may allow withdrawal or amendment of an admission, but is not required to do so. *Chartsis Specialty Ins. Co. v. Tel. Hill Properties, Inc.*, No. C 11-05696-RS, 2013 WL 1629173, at *4 (N.D. Cal. Apr. 16, 2013) (quoting *Conlon v. United States*, 474 F.3d 616, 621, 625 (9th Cir. 2007)). Although withdrawal of the admission would likely promote the presentation on the merits, the prejudice to Experian is significant. Plaintiffs failed to move to withdraw the admission for over two years, waiting until the day before the summary judgment hearing. Plaintiffs provide no cogent reason for their failure to bring this motion earlier. Merced argues that he did not understand what Experian meant by the term credit disclosure, because the request for admissions was propounded in English and he had to use a translator. This concern, however, does nothing to address the fact that Experian's first set of requests for admission defined the term "Credit Disclosure." *See* Song Reply Decl., Ex. Y, Defendant's First Set of Requests for Admission to Plaintiff Jose Merced Munoz Lopez ("Plaintiff's Credit Disclosure' refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to Plaintiff."). Further, Merced's motion comes over two years after he made the admission and on the eve of the summary judgment hearing. Merced's motion to withdraw the admission is

therefore denied.

Federal Rule of Civil Procedure 36(b) provides that unless a party is permitted to withdraw an admission, "[a] matter admitted under this rule is conclusively established[.]" That Experian did not fail to provide Plaintiff his file in violation of Section 1681g of the FCRA and section 1785.15 of the CCRAA is therefore conclusively established, and summary judgment is granted to Experian on this claim.

### E. Willfulness and Negligence

Experian argues that it did not act willfully within the meaning of the FCRA, and that there are not damages to support a negligence claim. "The FCRA imposes civil liability on any consumer reporting agency which is either negligent or willful in failing to comply with any requirement imposed under the FCRA." *Banga v. Experian Info. Sols., Inc.*, No. 09-cv-04867, 2013 WL 5539690, at *6 (N.D. Cal. Sept. 30, 2013); *see also Abbink v. Experian Info. Sols., Inc.*, No. 19-cv-1257, 2019 WL 6838705, at *4 (C.D. Cal. Sept. 20, 2019).

Willful violation of the FCRA enables a plaintiff to seek actual damages, punitive damages, and attorney's fees. 15 U.S.C. § 1681n(a). A defendant willfully violates the FCRA when it acts in a manner "known to violate" the FCRA or acts in "reckless disregard of statutory duty." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). "A CRA acts in reckless disregard if its action 'is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" *Taylor v. First Advantage Background Servs. Corp.*, 207 F. Supp. 3d 1095, 1112 (N.D. Cal. 2016) (*citing Bateman v. American Multi-Cinema, Inc*., 623 F.3d 708, 711 n.1 (9th Cir. 2010)). "Courts in this circuit have found that "'[w]illfullness under the FCRA is generally a question of fact for the jury.'" *Id.* at 1110 (quoting *Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1210 (C.D. Cal. 2007)).

There is a genuine dispute of material fact as to whether Experian acted in reckless disregard of statutory duty as to the reasonable procedures and permissible purposes claims. For those claims, Plaintiffs aver that Experian violated the FCRA after being alerted to inaccuracies in

Plaintiffs' credit reports. That Experian had been alerted to information that would cast doubt on the accuracy of its procedures, along with calling into question its evaluation of requests from creditors to furnish reports, creates a triable issue as to whether Experian was acting in reckless disregard of its statutory duties.

As for negligence, Experian argues that Plaintiffs have not suffered any damages, because they have not set out evidence of pecuniary damages or emotional harm. Plaintiffs argue they were prevented from obtaining credit due to Experian's violation of the FCRA, that they incurred costs fixing their credit such as retaining Rivera to explain and translate credit-related information and correspondence, and suffered emotional injury. Summary judgment on the question of negligence, though, is inappropriate because Plaintiffs have at least established a dispute of material fact as to whether they suffered emotional injury stemming from Experian's alleged violations of the FCRA. "To survive summary judgment on an emotional distress claim under the FCRA, Plaintiff must submit evidence that reasonably and sufficiently explains the circumstances of his injury and does not resort to mere conclusory statements." *Taylor*, 207 F. Supp. 3d at 1102. In *Robbins v. CitiMortgage, Inc.*, No. 16-CV-04732-LHK, 2017 WL 6513662 (N.D. Cal. Dec. 20, 2017), the court noted that evidence of emotional distress stemming from spending excessive hours dealing with resolving inaccurate reporting is sufficient to survive summary judgment on an emotional distress claim. *Id.* at *19. Similarly, Plaintiffs have alleged that they have spent considerable time resolving the errors on their credit reports, and that the process has caused them distress.[2]

## V. Conclusion

Experian's motion for summary judgment is granted as to the reasonable reinvestigation and file disclosure claims, and denied as to the permissible purpose and the reasonable procedures claims. Summary judgment is also denied as to willfulness and negligence.[3]

---

[2] As Plaintiffs have established a genuine dispute of material fact as to emotional distress, other bases for establishing damages for negligence are not addressed.

[3] Plaintiffs filed an administrative motion to file two documents, Exhibits 19 and 24 to the Declaration of Daniel Zemel, under seal in their entirety. The motion is granted as to Exhibit 19, which contains sensitive credit information about Plaintiffs. The motion is denied as to Exhibit 19,

**IT IS SO ORDERED**.

Dated: May 18, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

---

the expert report of Evan Hendricks, without prejudice to Plaintiffs refiling a partially redacted version of the report that only redacts truly sensitive information. Plaintiffs are cautioned that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *See* Civil L.R. 79-5(c).