UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO LOPEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 19-cv-01954-RS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Plaintiffs seek leave to file a motion to reconsider the order entered May 18, 2022, granting partial summary judgment to Defendant Experian Information Solutions, Inc. ("Experian"). The motion is premised on an interpretive rule issued by the Consumer Financial Protection Bureau ("CFPB") in July 2022 regarding the "permissible purpose clause of the FCRA," which was addressed in the May 2022 order. Dkt. 143, at 3–4. Under this new rule, Plaintiffs contend, summary judgment should have been denied as to their permissible purposes claims for Experian's conduct prior to May 2018.

The motion is denied. First, Plaintiffs have offered no explanation for why they seek reconsideration roughly two months after the publication of the CFPB's interpretive rule. Such a delay does not motivate in favor of finding Plaintiffs were reasonably diligent in seeking leave. *See York v. Bank of America*, No. 14-cv-02471-RS, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016). Second, and more importantly, Plaintiffs have not made the requisite showing to seek leave for reconsideration under Local Rule 7-9. While that Rule allows the moving party to seek leave

for reconsideration if he or she can demonstrate "[t]he emergence of new material facts or a change of law occurring after the time of [the] order," Civ. L.R. 7-9(b), the Ninth Circuit has consistently held that "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or *if there is an intervening change in the controlling law*." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis added) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Plaintiffs have not met this threshold; indeed, they concede the CFPB is merely persuasive authority, not controlling. The motion for leave to file a motion for reconsideration is thus denied.[1]

**IT IS SO ORDERED**.

Dated: November 17, 2022

RICHARD SEEBORG
Chief United States District Judge

---

[1] Plaintiff's administrative motion to file two documents under seal is granted. *See* Dkt. 144.